## Heimenz v. Pennsylvania Power & Light Company

*Martin M. Fine,* for plaintiff.
*Robert J. Sarno,* for defendant.

GREEVY, P. J., August 31, 1976—Plaintiff 's complaint in assumpsit alleges that he is entitled to severance pay from his prior employer, defendant Pennsylvania Power & Light Company, pursuant to a "Managers Severance Pay Plan" promulgated by defendant while plaintiff was in its employ. Defendant has raised two preliminary objections, the first in the form of a demurrer for failure to state a cause of action under the Wage Payment and Collection Law of July 14, 1961, P.L. 637, 43 P.S.

§260.1, et seq., and the second a motion to strike under Pa.R.C.P. 1020(a).

In support of its first objection, defendant contends: (1) that the severance pay at issue does not constitute "wages" within the definition of the Wage Payment and Collection Law; and (2) even if the severance pay is a form of wages under the above law, it was not earned prior to the termination of plaintiff's employment and, therefore, cannot be collected according to the terms of the law.

The Wage Payment and Collection Law defines "wages" as including "all amounts at which the labor or service rendered is recompensed whether the amount is fixed or ascertained on a time, task, piece, commission or other method of calculation.": 43 P.S. §260.2(2). Whether the severance pay involved here is wages according to the statutory definition can be determined by the terms of the contract under which this action was brought. The formula for arriving at severance pay due a separated employe is a combination age-years of service-salary method of calculation, with the allowance increasing as each factor in the formula increases. Calculated in this manner, the severance pay is clearly intended to be a form of compensation for labor or services rendered over time, and, therefore, it constitutes wages within the meaning of the Wage Payment and Collection Law.

Defendant cites the case of Weingrad v. Fischer & Porter Company, 47 D. & C. 2d 244, 18 Bucks 107 (1968), in support of its contention that the severance pay in question was not earned prior to plaintiff's separation from defendant's payroll and, therefore, cannot be collected according to section 5 of the law. That section provides that upon

termination of employment "the wages or compensation earned shall become due and payable not later than the next regular payday of his employer . . .": 43 P.S. §260.5(a). The Weingrad case is distinguishable from the present case in that it dealt with a breach of a contract of employment and a claim for salary and other benefits which would have been paid had the contract not been terminated. The court held that plaintiff's claim was for future wages for which no labor or services had yet been rendered, and refused to apply section 5. Instead, it construed the law to provide only for payment of wages earned prior to termination of employment: Weingrad, supra, at 250-51.

The Managers Severance Pay Plan of defendant provides a further indication that the severance pay allowance was intended as compensation for services rendered while in defendant's employ. Defendant cites as one of the "guiding principles" of the plan the tenet that "[e]ach employee acquires a certain equity in his position with the Company, which increases with years of service." (Sec. E(2) of Exhibit A of the complaint.) Surely, if the severance pay was based on service before termination, it could not have been earned at any other time except prior to termination. Therefore, section 5 of the Wage Payment and Collection Law applies to plaintiff's claim.

Defendant's second objection is based on Pa.R.C.P. 1020(a), which requires that where two or more causes of action arising from contract are stated, "[e]ach cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief." Defendant contends that plaintiff's complaint sets forth within one count two separate causes of action in

assumpsit and asks that the complaint be made to conform with 1020(a). Plaintiff has already indicated his willingness to amend in order to conform with 1020(a), and we shall so order.

Accordingly, for the reasons set forth in the foregoing opinion, we enter the following

## ORDER

And now, August 31, 1976, the first preliminary objection of defendant in the above-entitled action is hereby denied. The second preliminary objection of defendant is hereby sustained. Plaintiff shall be given 20 days within which to amend his complaint in accordance with this opinion.